IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ANTHONY TORRES, | No. C 18-5233 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |
| v. | |
| SAN FRANCISCO SHERIFF'S DEPARTMENT, | (Dkt. No. 10 |
| Respondent. | |

Petitioner, an inmate in the San Francisco County Jail, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted of assault with a deadly weapon, and sentenced on April 7, 2018.

He claims that conditions of his confinement in the jail are unconstitutional, including insufficient mental health care and being subject to excessive force by deputies of the San Francisco County Sheriff. "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Petitioner's claims involving the conditions of his confinement are not the proper subject of a habeas action. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991); *see also Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971); *see also Nettles v. Grounds*, 830 F.3d 922,

936 (9th Cir. 2016) (en banc). Although the court *may* construe a habeas petition as a civil rights action, it is not *required* to do so. The filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350.00 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for petitioner if the petition were construed as a civil rights complaint, the case will is **DISMISSED** without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above.

If petitioner has claims challenging his conviction or sentence as unconstitutional, he may bring them in a habeas petition after he has presented all of those claims to the California Supreme Court in a manner that adheres to the state courts' procedures, and after the California Supreme Court has decided those claims. It does not appear from his form petition that he has done so.

Leave to proceed in forma pauperis is **GRANTED**.

**IT IS SO ORDERED.**

Dated: November __13__, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE